AO 245B     (Rev. 12/03) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

**\*\*AMENDED FOR CLERICAL ERROR\*\***       District of _____Nevada_____

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| MICHAEL RAY ELLSWORTH | Case Number:  2:11-CR-0015-LDG-PAL |
| | USM Number:  45643-048 |
| | CRAIG DRUMMOND (CJA) |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s)   2

☐  pleaded nolo contendere to count(s) _____
     which was accepted by the court.

☐  was found guilty on count(s) _____
     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 841(a)(1) and (b)(1)(D) | Distribution of Marijuana | 01/06/2010 | 2 |

   The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

X  Count(s)  remaining as to this defendant     ☐ is   X are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

OCTOBER 18, 2011
Date of Imposition of Judgment

*/s/ Lloyd D. George*
Signature of Judge

LLOYD D. GEORGE, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

3 Nov 2011
Date

AO 245B  (Rev. 12/03) Judgment in Criminal Case
    Sheet 2 — Imprisonment

Judgment — Page 2 of 7

DEFENDANT: MICHAEL RAY ELLSWORTH
CASE NUMBER: 2:11-CR-0015-LDG-PAL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

### TIME SERVED

☐ The court makes the following recommendations to the Bureau of Prisons:

The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page 3 of 7

DEFENDANT: MICHAEL RAY ELLSWORTH
CASE NUMBER: 2:11-CR-0015-LDG-PAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
         Sheet 3C — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: MICHAEL RAY ELLSWORTH
CASE NUMBER: 2:11-CR-0015-LDG-PAL

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

3. You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

4. You shall not have contact, directly or indirectly, associate with, or be within 500 feet of any of the co-defendants in this case, their residence or business, and if confronted by any of the co-defendants in this case, in a public place, you shall immediately remove yourself from the area.

***OTHER CONDITIONS ORDERED BY THE COURT:***

If no violations of probation, (3 years supervised release) the defendant may petition the court for early release from supervised release only after 2 years have been served.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  7

DEFENDANT:     MICHAEL RAY ELLSWORTH
CASE NUMBER:   2:11-CR-0015-LDG-PAL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100.00       | $ WAIVED | $ N/A           |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

The defendant must make restitution (including community restitution) to the following payees in the amount

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

**TOTALS**      $ _____      $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MICHAEL RAY ELLSWORTH
CASE NUMBER: 2:11-CR-00115-LDG-PAL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** [X] Lump sum payment of $ 100.00 due immediately, balance due

    [ ] not later than _____ , or
    [ ] in accordance [ ] C, [ ] D, [ ] E, or [ ] F below; or

**B** [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

**C** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:
(SEE FINAL ORDER ATTACHED)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Judgment — Page 7 of 7

DEFENDANT: MICHAEL RAY ELLSWORTH
CASE NUMBER: 2:11-CR-0015-LDG-PAL

# DENIAL OF FEDERAL BENEFITS
(For Offenses Committed On or After November 18, 1988)

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862**

    IT IS ORDERED that the defendant shall be:

[X] ineligible for all federal benefits for a period of   5 YEARS  .

[ ] ineligible for the following federal benefits for a period of _____.

(specify benefit(s)) _____

**OR**

[ ] Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

**FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)**

    IT IS ORDERED that the defendant shall:

[ ] be ineligible for all federal benefits for a period of _____.

[ ] be ineligible for the following federal benefits for a period of _____.

(specify benefit(s)) _____

[ ] successfully complete a drug testing and treatment program.

[ ] perform community service, as specified in the probation and supervised release portion of this judgment.

[ ] Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

    **Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:**

**U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531**



# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　) 　 2:11-CR-015-LDG (PAL)
　　　　　　　　　　　　　　　　　)
MICHAEL ELLSWORTH,　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　)

## FINAL ORDER OF FORFEITURE

On October 18, 2011, the United States District Court for the District of Nevada entered an Amended Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 21, United States Code, Sections 853(a)(1) and (a)(2); Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c); Title 18 United States Code, Section 924(2)(C) and (3)(B) and Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 881(11) and Title 28, United States Code, Section 2461(c), based upon the plea of guilty by defendant MICHAEL ELLSWORTH to criminal offense, forfeiting specific property alleged in the Indictment and agreed to in the Plea Memorandum and shown by the United States to have a requisite nexus to the offense to which defendant MICHAEL ELLSWORTH pled guilty. Docket #121.

. . .

. . .

. . .

1  This Court finds the United States of America published the notice of the forfeiture in
2  accordance with the law via the official government internet forfeiture site, www.forfeiture.gov,
3  consecutively from July 9, 2011, through to August 7, 2011, notifying all known third parties of their
4  right to petition the Court. #135.

5  This Court finds no petition was filed herein by or on behalf of any person or entity and the
6  time for filing such petitions and claims has expired.

7  This Court finds no petitions are pending with regard to the assets named herein and the time
8  for presenting such petitions has expired.

9  THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right,
10 title, and interest in the property hereinafter described is condemned, forfeited, and vested in the
11 United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P.
12 32.2(c)(2); Title 21, United States Code, Sections 853(a)(1) and (a)(2); Title 18, United States Code,
13 Section 924(d)(1) and Title 28, United States Code, Section 2461(c); Title 18 United States Code,
14 Section 924(2)(C) and (3)(B) and Title 28, United States Code, Section 2461(c); and Title 21, United
15 States Code, Section 881(11) and Title 28, United States Code, Section 2461(c); and Title 21, United
16 States Code, Section 853(n)(7) and shall be disposed of according to law:

17     a.    $2,015.00 in U.S. Currency;

18     b.    $1,807.00 in U.S. Currency;

19     c.    $48,920.00 in U.S. Currency;

20     d.    a Ruger .38 cal. revolver, bearing serial number 540-48039;

21     e.    a Taurus PT709, 9mm semi-automatic handgun, bearing serial number TD082373;
22         and

23     f.    any and all ammunition ("property").

24 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited
25 funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well
26 as any income derived as a result of the United States of America's management of any property

forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this __18__ day of __Oct.__, 2011.

_____
UNITED STATES DISTRICT JUDGE